UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 6:20-CR-021-CHB- |
| Plaintiff, | ) | HAI-4 |
| | ) | |
| v. | ) | |
| | ) | **ORDER ADOPTING** |
| HEATHER LOU WOLFE, | ) | **RECOMMENDED DISPOSITION** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram.  [R. 145].  The Recommended Disposition addresses the conditions of Defendant Heather Lou Wolfe's supervised release that she was alleged to have violated.

By way of background, judgment was entered against Wolfe in this District in July 2021, after she pled guilty to conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine.  *See* [R. 107, p. 1].  Wolfe was originally sentenced to 46 months of imprisonment to be followed by three years of supervised release.  *See id.* at 2–3.  On June 30, 2023, Wolfe was released from the Bureau of Prisons to begin service of her term of supervision.  On July 14, 2023, she was referred to Bouncing Back Counseling in Manchester, Kentucky, for outpatient substance abuse and mental health counseling.

On October 19, 2023, the United States Probation Office ("USPO") provided the Court with a Report on Offender Under Supervision (PROB 12A), which outlined Wolfe's admitted use of methamphetamine, oxycodone, and hydrocodone.  *See* [R. 119].  The Court approved the USPO's request that no action be taken at that time with a recommendation that Wolfe's treatment

- 1 -

and testing be increased to occur weekly for a period of at least three months.  *See id.*  According to the USPO, substance abuse testing and substance abuse and mental health treatment have occurred on a weekly basis since that time.

On March 19, 2024, the USPO issued a Supervised Release Violation Report ("the Report"), which charged Wolfe with two violations of the conditions of her supervised release. *See* [R. 139].  Violation #1 charged violation of the condition of Wolfe's release that required her to refrain from unlawful use of a controlled substance based on Wolfe's admission to using buprenorphine on two occasions.  *See generally* [R. 145, p. 3] ("She admitted using buprenorphine on March 10 and 15.").  Violation #2 charged violation of the conditions of Wolfe's release that she not commit another federal, state, or local crime, and that she must not unlawfully possess a controlled substance.

On March 22, 2024, Magistrate Judge Ingram conducted an initial appearance pursuant to Federal Rule of Civil Procedure 32.1 for Wolfe's alleged violations.  *See* [R. 141].  At that hearing, Wolfe, "after being sworn, competently, knowingly, voluntarily and intelligently waived [her] right to a preliminary hearing."  *Id.*  Wolfe was ordered detained following that hearing.  *See id.*

On March 28, 2024, the parties appeared before Magistrate Judge Ingram for a final hearing regarding revocation of Wolfe's supervised release.  *See* [R. 144].  During that hearing, Magistrate Judge Ingram found Wolfe competent to stipulate to the violations and that the stipulation was competently, knowingly, voluntarily, and intelligently entered into, and that such action was consistent with the advice of her counsel.  *See id.* at 1. Ultimately, Magistrate Judge Ingram recommended that Wolfe be found guilty of both violations, that her term of supervised release be revoked, and that she be sentenced to six months of imprisonment to be followed by 24 months of supervised release on the conditions previously imposed.  *See* [R. 145, p. 9].

Magistrate Judge Ingram explained his reasoning for these recommendations. In particular, Magistrate Judge Ingram observed that revocation in a case of this nature is mandated by statute and is recommended by the Guidelines; he further considered all the statutory factors, the Guidelines range (12-18 months), and the parties' recommendations. *See id.* at 4–9. Magistrate Judge Ingram also provided a specific reason for his recommended sentence being outside of the advisory Guidelines range. *See id.* at 9.

Magistrate Judge Ingram's Recommended Disposition advised the parties that any objections were to filed within fourteen days. *See id.* at 10. The time to file objections has passed, and neither party has filed any objections to the Recommended Disposition nor sought an extension of time to do so. Instead, Wolfe has filed a Waiver of Allocution. *See* [R. 147].

Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a magistrate judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *See United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, this Court has examined the record, and agrees with Magistrate Judge Ingram's Recommended Disposition.

Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1.      The Magistrate Judge's Recommended Disposition [**R. 145**] is **ADOPTED** as the Opinion of the Court.

2. Defendant is found **GUILTY** of both violations.

3. Defendant's supervision is **REVOKED**.

4. Defendant is **SENTENCED** to a term of **six months** of imprisonment to be followed by **two years** of supervised release with all the conditions previously imposed.

5. Judgment shall enter promptly.

This the 15th day of April, 2024.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY